**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

LEODIS RANDLE                                                                              PLAINTIFF
REG. #25064-009

V.                                      2:14CV00080 KGB/HDY

C.V. RIVIERA *et al*.                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker. Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection. If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection. An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations. The copy will be furnished to the opposing party. Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Leodis Randle, a former inmate at the Federal Correctional Institution in Forrest City ("FCIFC") filed a *pro se* complaint, and amended complaints, alleging that Defendants were deliberately indifferent to risks he faced from other inmates and Defendant Cano.  On October 10, 2014, Defendants filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #54-#56).  Plaintiff filed a "Motion for Waste of time" on December 3, 2014, that was somewhat responsive to Defendants' motion.  Although he has been granted additional time to file a further response (docket entry #64) he has not done so.

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*,

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986)).

## II. Analysis

The undisputed facts[1] are that Plaintiff arrived at FCIFC on August 9, 2012, after he violated

the terms of his supervised release.  On August 14, 2012, a note stating that Plaintiff would be

assaulted was found and an investigation was begun.  Plaintiff was placed into the Special Housing

Unit ("SHU") for his protection.  Plaintiff was interviewed twice and in both interviews discussed

his desire for being housed at a lower security facility, and at both said he was willing to return to

the general population.  The investigator determined there was no evidence of a threat to Plaintiff's

safety.  A second investigation was completed after Plaintiff reported that two inmates had assaulted

him.  Although a medical assessment suggested Plaintiff had minor trauma to his face, video and

other evidence did not support Plaintiff's claims regarding the time and location of the alleged

assault, and the investigator concluded an assault could not be proven.  Plaintiff was released from

prison on November 5, 2012.

Plaintiff returned to FCIFC on January 30, 2014.  At screening, Plaintiff claimed that he

---

[1]Pursuant to Local Rule 56.1(c), all material facts set forth in the statement of facts by the moving party are deemed admitted unless controverted by the non-moving party.

should not be placed in general population, but provided no specific information, and the intake

screener determined Plaintiff could be placed into the general population.  On May 5, 2014, Plaintiff

claimed that Cano had threatened him, but an investigator concluded that neither Cano nor any other

staff member had directly threatened him.  There was no further incident during his second stay at

FCIFC, and Plaintiff has since been transferred to a "halfway house" in Louisiana.

Defendants assert they are entitled to summary judgment because Plaintiff failed to exhaust

his administrative remedies, because he seeks only injunctive relief, and because Defendants were

not deliberately indifferent to his safety.

Exhaustion

The Court must first consider whether Plaintiff exhausted his administrative remedies.  Lack

of exhaustion is an affirmative defense, which must be proved by defendants, and need not be

pleaded by the plaintiff.  *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The

Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative

remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731,

733-34 (2001).   The Eighth Circuit has reaffirmed that the exhaustion process must be fully

completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624,

627 (8th Cir. 2003).  In his most recent motion (docket entry #61) Plaintiff indicates that prison

officials have tampered with his administrative remedies in an effort to prevent him from exhausting.

Under these circumstances, Defendants have not met the burden of proving that Plaintiff failed to

exhaust all available remedies.  *See Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (remedy

prison officials keep inmate from using is not "available" for purposes of 42 U.S.C. § 1997e(a)).

Deliberate indifference

In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

The undisputed facts demonstrate that prison authorities promptly investigated an alleged threat to Plaintiff's safety during his first period of incarceration at FCIFC, placed him in the SHU during the investigation, and only released him to general population with his consent after a threat could not be confirmed. Although Plaintiff was allegedly assaulted, video and other evidence does not confirm Plaintiff's claim. During Plaintiff's second period of incarceration, his concerns were addressed, and he completed his term at FCIFC without incident. Thus, the facts show that Defendants did not ignore Plaintiff's concerns, but rather investigated them and took measures to ensure his safety, and only released him to general population when the threat could not be confirmed. Even if Plaintiff was later attacked, in light of the actions taken by prison officials to investigate the threat, the facts cannot establish deliberate indifference. Accordingly, Defendants

are entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.       Defendants' motion for summary judgment (docket entry #54) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.       The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   20   day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE